**UNITED STATES of America,**
**Appellee,**

v.

**Gilfredo MARTINEZ, Defendant–**
**Appellant.**

**No. 05–5630–cr.**

United States Court of Appeals,
Second Circuit.

Aug. 23, 2006.

Yuanchung Lee, Federal Defenders of New York, Inc., New York, NY, for Defendant–Appellant.

Christine Meding, Assistant United States Attorney (Michael J. Garcia, United States Attorney, Southern District of New York; Celeste L. Koeleveld, Assistant United States Attorney, on the brief), New York, NY, for Appellee.

PRESENT: Hon. B.D. PARKER, Hon. RICHARD C. WESLEY, Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Defendant Gilfredo Martinez appeals from a judgment entered in the United States District Court for the Southern District of New York following a bench trial on stipulated facts before Judge Lewis A. Kaplan, convicting Martinez of the following three crimes: (1) possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1); (2) distributing and possessing with intent to distribute cocaine base, in violation of 21 U.S.C. § 841; and (3) possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). Judge Kaplan sentenced Martinez to 162 months' imprisonment, followed by nine years' supervised release, and imposed a mandatory $300 special assessment. On appeal, Martinez asserts that the District Court erred in denying his motion to suppress the firearm obtained during the stop-and-frisk that led to his arrest.

Familiarity by the parties is assumed as to the facts, the procedural context, and the specification of appellate issues. After undertaking *de novo* review of the district court judgment, we affirm substantially for the reasons stated by Judge Kaplan on the record.[1]

Accordingly, the judgment of the District Court is hereby affirmed.

---

1. In reaching our decision, we do not adopt that portion of the district court's ruling that the initial complaint was not an anonymous call. We find it unnecessary to consider that factor since, under all the circumstances at the time, the defendant's furtive behavior combined with the specificity of the "tip" were adequate to support the officers' reasonable suspicion.